JUDGE OETKEN

14 CV 6893

MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
AUG 25 2014
U.S.D.C. S.D.N.Y.
CASHIERS

**MARIAH JOSEPH,**

                                        **Plaintiff,**

v.

**THE CITY OF NEW YORK, NYPD
Officers JOHN DOES 1 THROUGH 10,
individually and in their official
capacities (the names John Doe being
fictitious, as the true names are presently
unknown).**

                                        **Defendants.**

**Complaint**

**JURY TRIAL DEMANDED**

**Civ. No.:**

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD members
   JOHN DOES 1 THROUGH 10, alleging that defendants violated her rights under 42
   U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States
   Constitution by falsely arresting her, and for the NYPD Officers JOHN DOES failure to
   intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages,
   attorney's fees and costs and such other and further relief as the Court deems just and
   proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Mariah Joseph ("Plaintiff" or "Ms. Joseph") is a 47 year old woman with no criminal record; and Plaintiff is a resident of New York County in the City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD Officers JOHN DOES 1 THROUGH 10 are members of the NYPD who were involved in the arrest of Plaintiff on August 8, 2014. Defendant NYPD Officers JOHN DOES 1 THROUGH 10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On August 8, 2014, Plaintiff was heading home in the Central Park West section of New York, New York where she resides.

9. Although Plaintiff had done nothing wrong, Plaintiff was suddenly approached by a man who she did not know; but who she later came to learn was a plain – clothes undercover NYPD officer, "JOHN DOE #1."

10. JOHN DOE #1 then instructed Plaintiff to "get against a car" parked on the side of the road; Plaintiff complied.

11. Next, another man, who Plaintiff later came to learn was a plain – clothes undercover NYPD officer, "JOHN DOE #2" arrived on the scene and grabbed Plaintiff, which scared Plaintiff and caused her to begin crying.

12. A female NYPD Officer was then called to the scene to frisk Plaintiff and said frisk did not reveal and contraband or weapons on Plaintiff's person.

13. Plaintiff was originally told that she was being arrested for a drug related offense.

14. Plaintiff was then handcuffed in excessively tight handcuffs which caused swelling of her wrists and so she asked that the handcuffs be loosened.

15. Plaintiff's request that the handcuffs be loosened was denied.

16. Plaintiff was transported to a police precinct where she spent about four (4) hours, where she was fingerprinted, photographed and processed.

17. Thereafter, Plaintiff was taken to Manhattan Central Booking to await arraignment, where she spent approximately twenty (20) hours.

18. At arraignment, Plaintiff learned that she was not charged with any drug related offense, as she had originally been told by the NYPD agents, but rather, she was charged with two (2) counts of trespassing.

19. At arraignment, the matter was adjourned in contemplation of dismissal.

20. As a result of the defendants' actions, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation, damage to her reputation, pain and swelling to her wrists - all to her detriment.

## FIRST CLAIM
### *Unlawful Stop and Search*

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

23. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

24. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation, damage to her reputation, pain and swelling to her wrists - all to her detriment.

## SECOND CLAIM
### *False Arrest*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### *Failure to Intervene*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendant JOHN DOES 1-10 were present and had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

30. Accordingly, Defendant JOHN DOES 1 -10, who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### *§1983 FABRICATION OF EVIDENCE*

32. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

33. Defendant JOHN DOES 1-10 created false evidence against Plaintiff and forwarded such false evidence to the New York County District Attorney's Office.

34. In creating such false evidence, Defendant JOHN DOES 1-10 violated Plaintiff's constitutional right to a fair trial.

35. The aforesaid conduct by defendants violated Plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

5

## FIFTH CLAIM
### UNREASONABLE FORCE UNDER 42 U.S.C. §1983

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments when they used excessive force in handcuffing Plaintiff.

39. In handcuffing Plaintiff, defendants acted unreasonably in the force they used against Plaintiff and they handcuffed Plaintiff unreasonable tightly.

40. Because the handcuffs placed on Plaintiff were so tight, Plaintiff asked that the handcuffs be loosened.

41. The Defendants ignored Plaintiff's pleas that the handcuffs were too tight and also ignored her request that the handcuffs be loosened.

42. As a result of the excessively tight handcuffs placed on Plaintiff by the Defendants and as a result of their refusal to loosen them despite Plaintiff's pleas, Plaintiff's wrists were sore and severely swollen.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### MONELL CLAIM

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

46. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

6